# Dial v. Gambrel.

*Bill in Equity to Reform and Foreclose a Mortgage.*

1. *Husband and wife; position of signatures to note and mortgage not conclusive.*—Upon the issue as to whether the debt secured by mortgage on the lands of a married woman is that of the husband or of the wife, neither the relative positions of the signatures to the mortgage and note, nor the fact that the one or the other signed first, exerts a controlling influence. The

question must be determined by all the facts and circumstances as shown by the testimony.

APPEAL from Sumter Chancery Court.

Tried before Hon. W. H. TAYLOE.

John Dial filed his bill against Ann Gambrel and her husband, W. T. Gambrel, seeking to reform and foreclose a mortgage given by them upon the wife's lands. Respondents filed their answer and cross-bill setting up, among other things, that the mortgage was given to secure the husband's debt, and praying for the cancellation of the mortgage as a cloud on the wife's title. The chancellor, on the evidence, which is sufficiently set out in the opinion of the court, dismissed the original bill, and made no order as to the cross-bill. Complainant appeals.

GRAHAM & STEINER, for appellant, cited, *Knox v. Childress*, 86 Ala. 183; *Flowers v. Steiner*, 108 Ala. 440; *Sharpe v. Orme*, 61 Ala. 263; *Rogers v. Adams*, 66 Ala. 600; *Jones v. Hagler*, 95 Ala. 529.

J. J. ALTMAN, *contra*.

COLEMAN, J.—The appellant, complainant in the court below, filed the present bill, the purpose of which is to reform and foreclose a mortgage, the law day having passed, and the debt being unsatisfied. The reformation desired arose from a misdescription of the land conveyed. The execution of the mortgage is not controverted by either of the respondents in their answer, but expressly admitted, nor is it seriously contended, either that there was not a misdescription of the land, or that the debt was not contracted, and has not been paid. In fact, the evidence is entirely satisfactory, that the mortgagors intended at the time by the mortgage to secure the debt. The lands mortgaged belonged to the wife, and the fact of contention is, whether the debt was the debt of Ann Gambrel, the wife, or the debt of her husband, for which she was a surety. Both parties signed both the note and mortgage, the husband's name on the instrument being above that of the wife. This is a mere question of fact, to be determined by the evidence. John Dial, the complainant, swears positively that credit was

given solely to Ann Gambrel, and that the debt was contracted by her, with the consent of her husband. The testimony of the wife and husband are equally positive, that the husband contracted the debt, and that the wife was a mere surety. There can be no satisfactory ascertainment of the truth, except from the surrounding facts and the testimony of other witnesses. First, then, it is conceded, that the husband owned no property and was without credit, and this was known to John Dial. The wife stated at the time, that she wanted the mortgage on the west forty acres, so that if the land had to go, it would not take her home. The justice of the peace testifies, that he was present at the signing of the mortgage and when ready for their signatures, the husband explained to his wife, Ann Gambrel, before she signed the mortgage and at the time of signing it, "that her name had to be signed first, because she was borrowing the money, * * then she signed the mortgage." The witness testifies that Ann Gambrel made no reply to this statement of the husband, but that she then signed it. He testifies, that other times "she has acknowledged to him that she owed the debt to John Dial, but was not able to pay it, and was not going to pay it."

Walter K. Smith testifies that the claim was put in his hands for collection and that he called to see Ann Gambrel, and in reply to the question as to who borrowed the money from John Dial, replied, "I borrowed the money, for you know Tom Gambrel has nothing with which to secure anybody, and nobody would lend him anything without he secured it." These statements of the wife, evidently made at a time when it was believed that the vitiating defect of the mortgage consisted in the misdescription of the land, bear out and corroborate the testimony of the witness Dial. The fact that the husband's name appears first is not sufficient to overcome the testimon yof the justice of the peace that her husband told her to sign first, or the fact that she did put her signature to the instrument before her husband. On the issue as to whether the debt is that of the husband or wife, neither the relative positions of the signatures, nor the fact that the one or the other signed first, exerts a controlling influence. The question must be determined by all the facts and circumstances, and the testimony of the witnesses. Looking at all the evidence in

the case, that for complainant preponderates, and reasonably satisfies us, that complainant is entitled to relief.

A decree will be here rendered, reversing and annulling the decree rendered, and reforming and foreclosing the mortgage as prayed for in the bill, and dismissing the cross-bill. The cause will be remanded, that a reference may be had to ascertain the debt due complainant, and an order of sale made according to the practice in such cases.

Reversed, rendered and remanded.